José Irizarri-Cruz, Appellant, v. Registrar of Property of Mayagüez, Respondent.

No. 3321. Argued June 22, 1928.—Decided July 2, 1928.

*A. Ramírez Silva* for the appellant. The registrar did not appear.

Mr. Justice Hutchison delivered the opinion of the court.

The Registrar of Property of Mayagüez, upon recording a deed of segregation and sale, noted as a curable defect the fact that the rest of the principal property after such segregation had not been described in the instrument of conveyance.

The rule is that the principal property from which the property to be segregated and sold is about to be taken must be described in the deed of segregation and sale. *Cadilla* v. *Registrar*, 19 P.R.R. 77. In the event of a subsequent segregation and sale the remainder of the original tract becomes

the principal property for the purposes of such subsequent conveyance. *Kennedy* v. *Registrar*, 26 P.R.R. 720; *Figueroa* v. *Registrar*, 31 P.R.R. 360.

In the instant case the endorsement made upon the deed by the registrar cites no authority for the ruling. The brief for appellant was served upon a substitute registrar. No other brief has been filed, and we have no clue as to what was in the mind of the registrar who recorded the instrument.

Here we are concerned with the record of a segregation and sale; not with the possibility of future complications in connection with subsequent segregations and sales. The purchaser in the instant case has no interest in the matter last mentioned. His title can not be affected in any way by such future developments, and the failure to anticipate more or less conjectural difficulties in connection with future transactions between the vendor and other vendees can not be regarded as a defect in the title now under consideration.

The registrar did not question the sufficiency of the description of the principal property in the conveyance now before us, and we would not be understood as passing upon any point not directly presented by the ruling appealed from, which must be reversed.